

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

March 16, 1939

Honorable Emmett Wilburn
County Attorney
Center, Texas

Dear Sir:

Opinion No. O-04

Re: Time for making teachers'
contract by trustees of
common school district.

We are in receipt of your letter of February 21, 1939,
requesting the opinion of this department upon the question of
whether a common school district trustee whose term expires May
first may sign a teacher's contract for the next year with one of
the trustees that is remaining in office and the contract be legal.

Article 2750a, Vernon's Revised Civil Statutes, 1925,
provides:

"That trustees of any common school district or
consolidated common school district shall have authority
to make contracts for a period of time not in excess of
two (2) years with principals, superintendents, and
teachers of said common school districts or consolidated
common school districts, provided that such contracts
shall be approved by the County Superintendent. No con-
tract may be signed by the trustees until the newly
elected trustee has qualified and taken the oath of office.
(Acts 1937, 45th Leg., H. B. #137, Para. 1, p. 541.)"

This department has heretofore held that said Act is con-
stitutional in that the caption is sufficient to give notice of
what the Act contains.

Prior to the enactment of Article 2750a, it was established
that common school trustees had the power to employ teachers for
the term of school succeeding their term of office and their suc-
cessors would be bound thereby. It was so held in Town of Pearsall
v. Woolls, (T. C. A. 1899) 50 S. W. 959. Under this line of de-
cisions, trustees who had been defeated, signed teachers' contracts
subsequent to the election at which they were defeated and until

their successors qualified and took the oath of office. Miller v. Smiley, (T.C.A. 1933, Writ Refused) 65 S. W. (2) 419.

It will be noted that the limitation prescribed is that no contract may be signed until the newly elected trustee has qualified and taken the oath of office. Manifestly there can be no newly elected trustee until after the election on the first Saturday in April in each year as provided by Article 2745.

The plain wording of Article 2750a indicates that the evil which the Legislature intended to remedy was the occasional practice of defeated school trustees joining with a minority on the new board in signing contracts, contrary to the expressed wishes of the electorate, before the newly elected trustee could qualify on May first.

It is the opinion of this department that a common school district trustee, whose term of office expires on May 1st, may join with one of the remaining trustees and execute valid teachers' contracts for the next year, prior to the election of the new trustee. But the board of trustees may not contract with teachers subsequent to the date of the election of the new trustee and prior to the time such new trustee qualifies and takes the oath of office.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Cecil C. Cammack_
Cecil C. Cammack
Assistant

CCC:N

APPROVED

ATTORNEY GENERAL OF TEXAS